NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

ADDISON SHOE CORPORATION, Respondent.

No. 20707.

United States Court of Appeals, Eighth Circuit.

Nov. 11, 1971.

As Amended Nov. 24, 1971.

Eugene Granof, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Michael S. Winer, Atty., N. L. R. B., for petitioner.

Gaines N. Houston, Little Rock, Ark., for respondent.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

The National Labor Relations Board petitions this Court for enforcement of its order requiring the Addison Shoe Corporation to bargain with the National Maritime Union. The Board's decision and order are reported at 184 N.L.R.B. No. 35, 76 L.R.R.M. 1431 (1970).

The Union lost a Board-conducted election among Addison's employees in May, 1968. The Regional Director set the election aside because of employer unfair labor practices. The Union won, by a narrow margin, a second election held on September 28, 1968. The Regional Director overruled the Company's objection to the second election and certified the Union. The Company then requested Board review of the Regional Director's action, on the grounds that he had erred in not sustaining the Company's principal objection to the election, which was that:

"During the course of a meeting attended by the Employer's employees on or about August 26, 1968, and thereafter on other occasions, the [Union], by its officers, agents, and representatives, stated that:

"1. The Employer's ability to secure contracts from the United States government, its major customer, was dependent on the [Union's] success in the election;

"2. Addison would obtain more government contracts if the [Union] represented the employees;

"3. Addison's customers, civilian or otherwise, would purchase more of its product with the Union label appearing thereon; and

"4. If the Employer did not agree to the [Union's] contract demands, as expressed to the employees, the [Union] could, and would cause its government contracts to be stopped."

Both the Company and the Union supported their positions by affidavits which conflicted on the question of whether or not Union officers had made the alleged remarks. The Board denied the request for review.

The Company nonetheless refused to recognize and bargain with the Union. The Union filed an unfair labor practice charge alleging that Addison refused to bargain. The Board thereafter issued a complaint. The Company answered that, because of the Union's pre-election statements, it was not obliged to bargain.

The Board's General Counsel filed a motion for judgment on the pleadings, arguing that the only issue raised by the

Company's answer had already been decided in the representation proceeding. The Trial Examiner granted the motion and the Company filed exceptions with the Board. The Company contended that the election should have been set aside or that, alternatively, an evidentiary hearing should have been held on its objection to the election. The Board remanded the case to allow the Regional Director to arrange an evidentiary hearing.

A hearing was held. The Trial Examiner found against the Company. His decision was affirmed by the Board. This appeal followed.

The Company contends that the Trial Examiner denied it a fair hearing. The essence of its complaint is (1) that the Trial Examiner refused to permit four employees, who had previously given affidavits to the Regional Director, to testify that fellow employees had told them that Union officers had made the objectionable statements at a Union meeting shortly before the election, and (2) that the Trial Examiner refused to permit the General Counsel to call three witnesses, who had previously given to the Regional Director, at the Company's request, affidavits purportedly stating that the Union officials had in fact made the objected-to statements.

It seems clear from this record that the Board granted the Company's request for an evidentiary hearing in the hope that conflicts in the affidavits submitted by the parties could be resolved. This purpose could only be accomplished if those persons who had submitted affidavits were permitted to testify and were subjected to searching cross-examination.

 In our view, therefore, the four Company witnesses should have been permitted to testify with respect to conversations they had had with employees who had attended the meeting. We recognize that their testimony was hearsay and that it might not have great probative value; but this was an informal proceeding and the rules of evidence should not have been strictly applied.

The propriety of the Trial Examiner's ruling with respect to the other three witnesses is a more difficult question. It appears that the Company, the Union, and the General Counsel agreed, at the outset of the hearing, on a procedure for presenting witnesses. This agreement is not in the record. Thus, we are unable to determine whether the parties agreed that the Union and the Company were to call all witnesses, or whether it was understood that the General Counsel would call additional witnesses if he felt it necessary to complete the record.

Although the General Counsel did not state who he wished to call, it appears that two of the proposed witnesses were employees Helen Russell and Joe Harris. But the record does not contain affidavits from either Russell or Harris. Thus, all we know is that the General Counsel requested permission to call three witnesses, that the Trial Examiner refused the request stating that the Company could call them if it desired, and that the Company simply stated it did not desire to produce them.

 As we see the matter, the Trial Examiner erred in not putting the agreement on procedure, if there was one, in the record; the General Counsel erred in not making the affidavits of the three employees part of the record before this Court; the Trial Examiner, absent agreement to the contrary, erred in not permitting the General Counsel to call the three employees; the Company was remiss in not calling the witnesses itself or in not giving some reason for not doing so; and the Board erred in not immediately remanding the matter to the Trial Examiner when it became obvious that the record was so incomplete.

Under the circumstances, we have no choice but to remand the matter to the Board with instructions to require the Trial Examiner to immediately reconvene the hearing for these specific and limited purposes: (1) to permit the

Company witnesses to testify about conversations they had with other employees in which it was reported that the alleged statements were made; (2) to permit the General Counsel to call and examine the three witnesses and to expose these witnesses to cross-examination; and (3) to permit the Trial Examiner to make his recommendations on the case in the light of the additional testimony.

We further instruct the Board to expedite its final decision on the matter.

This Court will accelerate any petition for enforcement or review that may be filed after the Board's final decision. We express no opinions on the merits.

Enforcement denied.